IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARNOLD MIERA,

    Plaintiff,

v.                                                             No. CIV-07-0358 WJ/DJS

PAT GARRETT, LISA MURRAY TRABAUDO,
C. DENHOLLANDER, JOHN KREBSBACH,
ANDREW FIEST, DUFFY RYAN,
ELIZABETH KNOX, JEAN MCCRAY,
JOHN RHINEHART, JACKIE COOPER,
MATTHEW CONNOLLEY, TROY PRICHARD,
DAVID REYES, DAVID WEYMIRE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of defendants and asserts claims arising from Plaintiff's state court criminal prosecution. In summary, Plaintiff alleges that the case against him was prosecuted by fraud, there was insufficient evidence to support the conviction, Plaintiff was deprived of due process by the state's "mousetrapping" and ambush tactics, the jury was handpicked by the prosecution, and Plaintiff is not guilty of the charged offense. For relief, the complaint seeks damages and asks that "the Court provide evidence of probable cause for the conviction intentions of bad motives . . . [and] accepts the case was an act of God, and not a crime."

Plaintiff's complaint is based on numerous alleged constitutional violations in the state court criminal proceeding. The complaint therefore calls into question the constitutionality of the conviction by which Plaintiff is incarcerated. Plaintiff's damages claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487; *see also Butler v. Compton*, 482 F.3d 1277, 1280 (10th Cir. 2007) (noting the "necessary impact a § 1983 action must have on the underlying conviction or sentence in order for *Heck* to apply."). The complaint does not allege that Plaintiff's conviction has been set aside, *Heck*, 512 U.S. at 486-87, and his allegations of a fraudulent prosecution, insufficient evidence, and denial of jury rights fail to state claims cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001);

*but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss Plaintiff's damages claims without prejudice.

To the extent that Plaintiff's requests for equitable relief may amount to a collateral attack on his conviction or sentence, he must bring these claims under the habeas corpus statutes.  "Section 1983 . . . . must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  These claims also will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FINALLY ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii) judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE